IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV406-3-R
1:07CR115

| | |
|---|---|
| CHRISTOPHER EUGENE HARRIS, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed November 6, 2009 [Doc. 1]. For the reasons stated herein, Petitioner's motion will be denied and dismissed.

## I. PROCEDURAL HISTORY

On December 4, 2007, Petitioner was charged in a three-count Bill of Indictment with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii); and two counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). [Case No. 1:07cr115: Indictment, Doc. 3]. On February 21, 2008,

1

Petitioner entered into a Plea Agreement with the Government whereby he agreed to plead guilty to Counts One and Two. [Id.: Plea Agreement, Doc. 13]. Pursuant to his Plea Agreement, Petitioner also waived his right to contest his conviction and sentence on appeal or post-conviction motion except for claims of ineffective assistance of counsel and prosecutorial misconduct. On September 30, 2008, Petitioner was sentenced to 188 months imprisonment. Judgment was entered on October 9, 2008. [Id.: Judgment, Doc. 19]. Petitioner filed a Notice of Appeal on October 9, 2008 [Id.: Notice of Appeal, Doc. 21]. On appeal, Petitioner argued that (1) the Government's failure to move for a downward departure based on substantial assistance under the United States Sentencing Guidelines § 5K1.1 amounted to prosecutorial misconduct; (2) the district court committed clear error in failing to review the Government's decision not to file a substantial assistance motion; and (3) trial counsel was ineffective for failing to move to compel the Government to make the substantial assistance motion. The Fourth Circuit held that Petitioner waived his right to appeal, except for claim of prosecutorial misconduct. The Court also held that Petitioner's prosecutorial misconduct claim was without merit and that Petitioner's ineffective assistance of counsel claim was not cognizable

on direct appeal. United States v. Harris, 332 F. App'x 61 (4ᵗʰ Cir. May 13, 2009). Petitioner did not file a Petition for a Writ of Certiorari in the Supreme Court.

On November 6, 2009, Petitioner filed the instant motion pursuant to 18 U.S.C. § 2255, arguing that his counsel was ineffective for (1) failing to argue for a reduced sentence under § 5K1.1 based on his cooperation; (2) failing to explain to Petitioner that he could be sentenced as a career offender; and (3) failing to object to the sentencing hearing being continued. Petitioner also argues that the Government's failure to move for a downward departure based on his substantial assistance was in violation of the plea agreement and amounts to prosecutorial misconduct; that his Fifth and Sixth Amendment rights were violated as he was sentenced in a higher guideline range than was necessary; and that the § 3553 factors were not properly considered by the Court at sentencing.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

3

relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

## A. Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for (1) failing to argue for a reduced sentence under § 5K1.1, based on his cooperation; (2) failing to explain to Petitioner that he could be sentenced as a career offender; and (3) failing to object to the sentencing being continued.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting

4

his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. at 2069).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). Critically, because some of Petitioner's claims are attempting to challenge issues at sentencing, in order to demonstrate an entitlement to relief on those, he must, at a minimum, allege facts which establish that his

5

"sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). As to Petitioner's claim regarding pre-sentencing issues, the Court will use the appropriate standard for establishing prejudice in the plea context. In that instance, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988)) (internal quotation marks omitted).

Petitioner first alleges that his counsel was ineffective for failing to argue "for a reduced sentence as Government failed to reveal to the Court the full extent of movant's cooperation." [Doc. 1 at 5].

First, pursuant to § 5K1.1 of the United States Sentencing Guidelines, it is the Government, and not defendant's counsel, who is charged with filing a motion detailing a defendant's substantial assistance. Moreover, while Petitioner's plea agreement contemplated that the Government may make a § 5K1.1 motion if the defendant provided truthful cooperation, the Government is the appropriate party to assess whether the defendant has performed that condition adequately. [Case No.

1:07cr115: Plea Agreement, Doc. 13 at ¶ 24(a)and (b)]; United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). It is in the Government's sole discretion to evaluate the defendant's cooperation. Id. In this instance, the Government acknowledged that Petitioner provided a statement to law enforcement, but opined that the information was not useful to them at the time of sentencing. Government counsel indicated that if Petitioner's information became useful to law enforcement in the future, the Government could file a Rule 35 motion on his behalf. [Case No. 1:07cr115: Sentencing Transcript, Doc. No. 31: at 17]. Additionally, the Court notes that Petitioner's attorney stated at sentencing that although the Government did not file a § 5K1.1 motion, the Petitioner sat down with law enforcement and was very cooperative. Indeed, counsel argued: "I want the Court to know that Mr. Harris was very cooperative in that respect, that he did sit down, answered all the questions that they wanted, but from my perspective, I really can't argue, in their mind, if that was substantial or not. As I said, it's their call; it's not mine. I can't make that analysis. But I want the Court to be aware that Mr. Harris was there for them." [Id. at 12].

The law is clear that it is the Government and not defendant's counsel who is charged with making a motion pursuant to 5K1.1.

Therefore, Petitioner's counsel could not be deemed ineffective for failing to argue for a reduced sentence based on Petitioner's cooperation. Moreover, the Court has reviewed the transcript of Petitioner's sentencing and notes that Petitioner's counsel did all she could do for Petitioner in arguing that even though the Government did not file a motion pursuant to § 5K1.1, that the Court should, in fashioning an appropriate sentence, consider that Petitioner did sit down with law enforcement and answered all their questions. Petitioner's claim that counsel was ineffective for failing to argue for a reduced sentence is without merit and is denied.

Next, Petitioner alleges that his counsel failed to explain the career offender provision to him. Inasmuch as Petitioner is not arguing that he does not meet the elements of the career offender provision, but rather that his counsel did not explain his potential exposure pursuant to the career offender provision, Petitioner's claim will be analyzed pursuant to the prejudice required in a plea context, which requires that Petitioner argue that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Critically, Petitioner does not make this argument. Therefore, Petitioner has not established any prejudice from

his counsel's alleged failure to explain the career offender provision to Petitioner.

Last, Petitioner contends that his counsel was ineffective for failing to object to his sentencing hearing being continued. A review of Petitioner's sentencing hearing transcript reveals that Petitioner's hearing was continued for Petitioner's benefit. Indeed, during the sentencing hearing on September 30, 2008, Petitioner thanked the Court for giving him extra time to review the presentence report with his attorney. Petitioner's counsel then refreshed the Court's memory that the hearing was originally scheduled for September 3, 2008, but at that hearing, the Petitioner stated that he did not fully understand the presentence report and Petitioner's questions would have taken counsel some time to explain. [Case No. 1:07cr115: Sentencing Transcript, Doc. 31 at 3]. In light of Petitioner's questions, the Court continued Petitioner's sentencing hearing until September 30, 3008.

The Court has reviewed the sentencing hearing transcript and concludes that Petitioner has not established either prong of the Strickland test for his claim that counsel was ineffective for failing to object to the

9

Court's continuation of his sentencing hearing. Therefore, this claim is denied.

## B. Prosecutorial Misconduct

Petitioner contends that the Government breached the plea agreement by failing to move for a downward departure pursuant to § 5K1.1 based on his substantial assistance. Petitioner raised this claim in his direct appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit considered the claim and concluded that it had no merit. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion. United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (per curiam) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

## C. Fifth and Sixth Amendment Claim

Petitioner claims that the Court sentenced him "in a higher guideline range than necessary, and thus 3553 factors were not properly used at sentencing." [Doc. 1 at 7]. Petitioner did not raise this issue in his appeal to the Fourth Circuit Court of Appeals. Generally, claims that could have been, but were not, raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 2240-41, 60 L.Ed.2d 805 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[1]  See United States v.

---

[1] Petitioner makes no claim of actual innocence.

Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing Frady, 456 U.S. at 167-68, 102 S.Ct. at 1594).

"'Cause' means some impediment." United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray, 477 U.S. at 488, 106 S.Ct. at 2645. As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice," the defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 171, 102 S.Ct. at 1596.

In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim that the Court sentenced him "in a higher guideline range than necessary, and thus 3553 factors were not properly used at sentencing" is procedurally barred.

Moreover, even if the claim were not barred, it is precluded by the waiver clause in Petitioner's plea agreement. In his plea agreement, Petitioner specifically waived his right to challenge, on collateral review,

his conviction or sentence, except on the basis of ineffective assistance of counsel and prosecutorial misconduct. [Case No. 1:07cr115: Plea Agreement, Doc. 13 at ¶ 20]. The Fourth Circuit has recognized the enforceability of these waivers. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Accordingly, Petitioner has waived his right to challenge his conviction or sentence on this basis.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED**.

Signed: December 14, 2009

Martin Reidinger
United States District Judge