**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:07cr115**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **CHRISTOPHER EUGENE HARRIS.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to a Modification of Sentence from 100 to 1 Ratio to the New 1 to 1 Ratio According to Applicable Case Law 18 U.S.C. §3582(c)(2)" [Doc. 39].

On December 4, 2007, the Defendant was charged in Count One of his Bill of Indictment with conspiracy to possess with intent to distribute at least 5 grams of cocaine base. [Doc. 3]. He entered into a plea agreement with the Government and was subsequently sentenced on October 8, 2008 by Hon. Lacy H. Thornburg to serve 188 months imprisonment.[1] [Docs. 13, 19].

The Defendant now moves to reduce his sentence pursuant to 18

---

[1]The Defendant's case was reassigned to the undersigned when Judge Thornburg retired.

U.S.C. §3582(c)(2) which provides that a court may reduce a sentence when the United States Sentencing Commission subsequently lowers a sentencing range applicable to a defendant.  Amendment 706 changed the sentencing guideline for the Defendant's charge, effective November 1, 2007, reducing by two levels the base offense level for offenses involving cocaine base.  U.S.S.G. §1B1.10(c) (as amended by Amendment 706, effective November 1, 2007).  Since Defendant was sentenced after that date he has already received the benefit of Amendment 706.

Defendant, however, seeks relief under a claimed new guideline which requires a one to one ratio for cocaine base and cocaine power.  There has been, however, no such change made by the Sentencing Commission.  United States v. Duff, 2009 WL 2245694 (W.D.N.C. 2009); United States v. Owens, 2009 WL 3816857 (M.D.Fla. 2009).  Thus, this Court has no authority to modify the Defendant's sentence pursuant to §3582(c)(2).  Duff, supra.

"On July 29, 2009, the House Judiciary Committee approved H.R. 3245,[2] entitled 'The Fairness in Cocaine Sentencing Act of 2009.'  The bill, if enacted, will remove references to 'cocaine base' from the U.S. Code, effectively leaving a 1-1 ratio."  United States v. Medina, 2009 WL 2948325

---

[2]House of Representatives Bill 3245.

(S.D.Cal. 2009). The bill has not been passed by the full House or by the Senate and has not been enacted into law. Id.; United States v. Brooks, 2009 WL 4927883 (W.D.Pa. 2009) ("Congress has not passed a law regarding the sentencing differences between crack and powder cocaine."); United States v. Scates, 2009 WL 4110383 (W.D.Wis. 2009); United States v. Brown, 2009 WL 3837630 (D.Me. 2009) ("[P]ending legislation does not provide the Court the authority to modify the Defendant's previously imposed sentence."); Campbell v. United States, 2009 WL 3415162 (E.D.Tenn. 2009). The Defendant is therefore not entitled to any relief based on pending legislation.

In his Motion Defendant asks that his "Motion be held in abeyance until time is ripe." [Doc. 39 at 1]. The Court cannot hold open motions based upon legislation that has not yet been enacted and may not pass.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion Pursuant to a Modification of Sentence from 100 to 1 Ratio to the New 1 to 1 Ratio According to Applicable Case Law 18 U.S.C. §3582(c)(2) [Doc. 39] is hereby **DENIED**.

Signed: January 26, 2010

Martin Reidinger
United States District Judge