# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00115-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHRISTOPHER EUGENE HARRIS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of the term of supervised release. [Doc. 66].

On February 29, 2008, the Defendant pled guilty to one count of possessing five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Docs. 13, 14]. On September 30, 2008, the Defendant was sentenced to a total term of 188 months' imprisonment and four years of supervised release and ordered to pay a special assessment of $200.00 and his court-appointed counsel fees. [Doc. 19]. On February 12, 2019, pursuant to the First Step Act of 2018 and

18 U.S.C. § 3582(c)(1)(B), the Court reduced the Defendant's total term of imprisonment to time served plus ten (10) days and reduced the Defendant's term of supervised release to three (3) years. [Docs. 64, 65]. On February 22, 2019, the Defendant commenced his term of supervised release.

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 66].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In the present case, the Defendant's supervising probation officer reports that the Defendant has done well during the period of supervision and made positive lifestyle changes. The Defendant's supervising probation officer also reports, however, that the Defendant still has a significant outstanding financial obligation of $6,344.24 for court-appointed counsel fees, to which no payments have been collected. In light of the Defendant's outstanding financial obligations, the Government has advised the Court that it objects to the Defendant's request.

Here, the Defendant's compliance with the terms and conditions of supervised release is commendable and while his outstanding financial obligation is significant, no collections have been made towards the

outstanding balance and he is otherwise a candidate for early termination of supervised release.[1] Further, the Defendant's supervision can be terminated without remitting his financial obligation, as the outstanding balance can be collected by civil means through the U.S. Attorney's Office. Therefore, the Court is satisfied that the early termination of the Defendant's supervised release is warranted by the Defendant's conduct and is in the interest of justice. See 18 U.S.C. § 3583(e)(1).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 66], which the Court construes as a motion for early termination of the term of supervised release, is **GRANTED**, and the Defendant's term of supervised release is hereby terminated.

**IT IS FURTHER ORDERED** that the outstanding balance of the court-appointed counsel fees be collected by civil means through the U.S. Attorney's Office.

---

[1] Upon review of the Defendant's motion, the Court notes that the Defendant's was ordered to pay court-appointed counsel fees prior to U.S. v. Moore, 666 F.3d 313, 322 (4th Cir. 2012) (holding that the "district court must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees"). As such, if the Defendant was sentenced post Moore, he would have no such obligation to pay court-appointed counsel fees.

3

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: April 12, 2021

Martin Reidinger
Chief United States District Judge